*929 OPINION.
Van Fossan:
The only issue in these proceedings is whether or not the petitioner, the Detour Dock Company, was affiliated with the Perry Iron Company during the years 1920, 1921, and 1922 within the meaning of section 240 of the Revenue Acts of 1918 and 1921. Section 240 (b) of the 1918 Act provides:
For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.
Section 240 (c) of the 1921 Act contains identical language.
Every case involving the question of affiliation is a problem of fact. The factors may vary but their composite picture must portray clearly either the requisite stock ownership or a stock control by closely affiliated interests. The control required is not merely a control of the management and operation of the business, but it is a control of the stock, which, in turn, by the exercise of the voting power inherent therein, controls the management and determines its policies. Such a control is not a mere equivalent to ownership. It is a more comprehensive term than ownership. Commissioner of Internal Revenue v. Shillito Realty Co., 39 Fed. (2d) 830; affirming 8 B. T. A. 665; Great Lakes Hotel Co. v. Commission er of Internal Revenue, 30 Fed. (2d) 1. “Congress made determinative not actual control of the related companies, or of the subsidiary by the parent company, but the substantial ownership or control of their stock, or of the stock of the subsidiary by the parent company.” United States v. Cleveland, Painesville & Eastern Railroad Co., 42 Fed. (2d) 413. If such a control exists, even though it is unenforceable by legal means, it is sufficient to justify an affiliated status. Commissioner of Internal Revenue v. Richfield Oil Co., 42 Fed. (2d) 360; affirming 13 B. T. A. 1050.
Pickands, Mather & Company owned all of the capital stock of the Perry Iron Company. The Perry Iron Company owned all of the common stock of the Detour Dock Company. There is no question as to the practical domination by Pickands, Mather & Company and the Perry Iron Company of the actual operations of the Dock Company. The only so-called “ outside ” interest that possibly might prevent affiliation was the ownership of all the preferred stock of the Dock Company by the Pittsburgh Steamship Company, it being borne in mind that the preferred stock carried voting power coequally with the common stock. We must, therefore, consider the part the Steamship Company played in the corporate structure of the Dock Company and the circumstances surround *930 ing the issuance of that stock in order to determine whether or not it interfered with the control, otherwise exclusive, which Pickands, Mather & Company, and the Perry Iron Company exercised over the Dock Company.
The acquisition and ownership of the preferred stock by the Steamship Company were surrounded by peculiar circumstances. Under the articles of incorporation of the Dock Company the preferred stock had equal voting power with the common stock. However, as appears in the findings of fact, the issuance of that stock to the Steamship Company was so circumscribed and hedged in by restrictions and limitations as to nullify that power as a practical matter. See Commissioner of Internal Revenue v. Shillito Realty Co., supra.
The preferred stock bore no burden of taxation. It was not affected by the regular and long-established business of the Dock Company and received no beneficial interest therefrom. Profits could have been, and were apportioned arbitrarily between the Perry Iron Company and the Dock Company. See Pelican Ice Co. v. Commissioner, 37 Fed. (2d) 285.
The evidence discloses that the lack of participation in the real business of the Dock Company as contemplated in the initial agreements was strikingly shown by the subsequent conduct of the Steamship Company and the Dock Company and their respective officers. The Steamship Company had no share in nor responsibilty for the management and operation of the entire docking and fueling business of the Dock Company, including the service which the Steamship Company itself received. It did not even inquire into the business of the Dock Company. Pursuant to a standing oral agreement, it executed proxies to Pickands, Mather & Company or their representatives to vote the preferred stock just as the latter desired and determined. The Dock Company had only one formal stockholders’ meeting a year. The Steamship Company did not avail itself of its right to elect two directors but, on the contrary, chose only one, W. J. Filbert, who never attended a directors’ meeting. By its affirmative action in agreeing that Pickands, Mather & Company and the Perry Iron Company should manage and operate the Dock Company as it desired and should control its preferred stock, and by its confirmation of that agreement through proxies consistently and continously executed over a period of many years, the Steamship Company, in practical effect, disclaimed any share in the control of the Dock Company by reason of or through its ownership of preferred stock. Thus, the Steamship Company exhibited no interest adverse or hostile to that of the Perry Iron Company.
*931 In tax problems we deal with facts as they are and not as they might be. Under the facts as they were, the actual control of the entire stock of the Dock Company, common and preferred alike, was in the Perry Iron Company functioning through Pickands, Slather & Company, which were “ the same interests ” as contemplated by section 240.
The Perry Iron Company and the Detour Dock Company had that community of business interest and unity of stock control which entitled them to be classed as affiliated corporations during the years 1920, 1921, and 1922.
Proper credit should be given for the amounts of taxes paid by Pickands, Mather & Company on behalf of any and all of the affiliated corporations.

Judgment will he entered under Bule 50.